**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| ROBERT KANLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV63 |
| | ) | |
| DUKE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM OPINION, ORDER AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>

This case comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket Entry 1), filed with Plaintiff's pro se form Complaint (Docket Entry 1-1). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(i) and (ii), as frivolous and for failure to state a claim.

<u>LEGAL BACKGROUND</u>

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 342 (1948)). "Dispensing with filing fees,

however, [is] not without its problems.  Parties proceeding under [Section 1915] d[o] not face the same financial constraints as ordinary litigants.  In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit."  <u>Nagy v. Federal Med. Ctr. Butner</u>, 376 F.3d 252, 255 (4th Cir. 2004).  To address this concern, the <u>in</u> <u>forma</u> <u>pauperis</u> statute provides (in relevant part) that "the court shall dismiss the case at any time if the court determines . . . (B) the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ."  28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  In assessing such matters, this Court may "apply common sense." <u>Nasim</u>, 64 F.3d at 954; <u>see also</u> <u>Nagy</u>, 376 F.3d at 256-57 ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.[1]

## DISCUSSION

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

3

The Complaint asserts that Defendant Duke University violated Plaintiff's rights under the First Amendment to the United States Constitution, Article 19.2 of the International Covenant on Civil and Political Rights (the "ICCPR"), and Article 19 of the Universal Declaration of Human Rights (the "UDHR") by "refus[ing] to publish [his] article ['The Crucible of a Gay Jew: A Resolution to an Orthodox Duress'] as a paid advertisement in its journal *GLQ: A Journal of Lesbian and Gay Studies*, a journal owned and operated by Duke University press, which is also known as the business entity of Duke University." (Docket Entry 1-1 at 2.) These allegations do not state a claim. Indeed, their insufficiency appears so clearly as to render this action frivolous. Further, because these defects admit no remedy, the Court should dismiss with prejudice.

For a plaintiff "[t]o raise [a] First Amendment argument, the [defendant's] actions must constitute state action." <u>Kidwell v. Transportation Commc'ns Int'l Union</u>, 946 F.2d 283, 297 (4th Cir. 1991) (quoting <u>Edmonson v. Leesville Concrete Co., Inc.</u>, 500 U.S. 614, 619 (1991), for proposition that "state action prerequisite 'preserves an area of individual freedom,' and permits 'citizens to structure their private relations as they choose subject only to the constraints of statutory or decisional law'" (second set of internal quotation marks omitted)); <u>accord</u> <u>McFadyen v. Duke Univ.</u>, 786 F. Supp. 2d 887, 947 (M.D.N.C. 2011) ("[T]he Supreme Court has held that 'the constitutional guarantee of free speech is a

4

guarantee only against abridgment by government, federal or state.'" (quoting Hudgens v. National Labor Relations Bd., 424 U.S. 507, 513 (1976))). In this case, "the alleged conduct involves actions by Duke, not the government, to control the types of speech that Duke would allow on its own property," McFadyen, 786 F. Supp. 2d at 947, and, as a result, Plaintiff's allegations "cannot support a claim for violation of the First Amendment," id.

"Nor do the ICCPR or the [UDHR] help [Plaintiff's] claim. The United States has ratified the ICCPR, but the substantive provisions are not self-executing and do not create enforceable obligations. And the [UDHR] is a statement of principles and not a treaty or international agreement imposing legal obligations." Ruhaak v. Commissioner of Internal Revenue, 422 Fed. Appx. 530, 532 (7th Cir. 2011) (internal citations omitted) (citing, inter alia, Sosa v. Alvarez–Machain, 542 U.S. 692, 728, 734–35 (2004)); accord Guaylupo-Moya v. Gonzales, 423 F.3d 121, 133 (2d Cir. 2005) ("The ICCPR is a signed and ratified treaty, but . . . is not self-executing. . . . [W]hen a treaty is not self-executing, the treaty does not provide independent, privately enforceable rights. . . . [T]he UDHR is not a treaty . . . ."); Dutton v. Warden, Fed. Corr. Inst. Estill, 37 Fed. Appx. 51, 53 (4th Cir. 2002) ("[T]he ICCPR is not privately enforceable."); Abebe v. Sutton, Civil Action No. 5:12-202-MBS-KDW, 2012 WL 1096153, at *1 (D.S.C. Apr. 2, 2012) (unpublished) ("The UDHR 'does not of its own force impose

5

obligations as a matter of international law,' much less create justiciable rights beyond those provided for in the Constitution." (quoting <u>Sosa</u>, 542 U.S. at 734)); <u>Brown v. Gropper</u>, No. 3:08CV278, 2008 WL 4809924, at *1 (E.D. Va. Oct. 30, 2008) (unpublished) ("[T]he Supreme Court has counseled that 'the UDHR does not of its own force impose obligations as a matter of international law.'" (quoting <u>Sosa</u>, 542 U.S. at 734) (internal brackets omitted)).[2]

<u>CONCLUSION</u>

Plaintiff's Complaint fails to state a claim against Defendant Duke University. Moreover, the obvious and irremediable deficiencies of the Complaint make this action frivolous and warrant its dismissal with prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(i) and (ii), as frivolous and for failure to state a claim.

---

[2] Even if the ICCPR and/or UDHC permitted private enforcement, the state action requirement likely still would apply so as to preclude claims of this sort by Plaintiff against Defendant Duke University. <u>See</u> <u>Jourdain v. Service Emps. Int'l Union Local 1199</u>, No. 09Civ1942(AKH), 2010 WL 3069965, at *7 (S.D.N.Y. July 28, 2010) (unpublished).

6

/s/ L. Patrick Auld
                                      **L. Patrick Auld**
                               **United States Magistrate Judge**
June 21, 2012